## Ficker's Estate

*William M. Boenning*, for exceptant.
*John G. Kaufman*, contra.

HENDERSON, J., November 1, 1935.—The decedent, a few days before her death and in contemplation thereof, substituted the name of her sister as beneficiary in a

policy of insurance on her life, which policy had been payable to her estate.

Query. Are the proceeds of such policy subject to transfer inheritance tax under section 1 (c) of the Act of June 22, 1931, P. L. 690. This act provides for a tax on the transfer of property "by deed, grant, bargain, sale or gift, made in contemplation of the death of the grantor," and is an amendment to the Act of June 20, 1919, P. L. 521, section 45 of which defines transfer "to include the passing of property, or any interest therein . . . by . . . grant, deed, bargain, sale, or gift." Property is defined "to mean the interest of the . . . grantor, bargainer, or vendor, passing or transferred to . . . grantee, donee, or vendee".

The hearing judge set aside the appraisement made in the office of the register of wills.

Section 1 (d) of the aforesaid Act of June 22, 1931, provides:

"The proceeds of policies of life insurance, payable otherwise than to the estate of the insured, and whether paid directly by the insurer to beneficiaries designated in the policies, or to a trustee designated therein, and held, managed, and distributed by such trustee to or for the benefit of such persons or classes of persons under such plan and in such estates as may have been prescribed by the insured under agreement with such trustee, shall not be included in imposing any tax under this section".

The proceeds of these policies come squarely within the protection of this clause. They were paid directly by the insurer to the designated beneficiary. We know of no act making such a change of beneficiary, even in contemplation of death, taxable.

Contracts of life insurance are favored by the public policy of this Commonwealth, and are not to be emasculated by drawing fine distinctions. The right of the beneficiary is one which was never possessed by the decedent.

The exceptions are dismissed and the decree of the hearing judge is confirmed absolutely.